RICHARD J. LAWRENCE, Syndic of the Creditors of Abner Smalley, an Insolvent, v. EMILY L. GUICE, Administratrix of the Succession of the said Smalley.

The Court of Probates may compel an administratrix to render an account to the heirs or creditors, of whatever property has legally come into her possession as such; but where she takes possession of property not belonging to the succession, and which is claimed by another, it has no jurisdiction of any action to recover the property, nor for damages for its detention; nor can jurisdiction be given to it, indirectly, by a demand for an account.

Where an insolvent debtor makes a cession of his property, and it is accepted by the judge for the benefit of his creditors, it is thereby vested in them, and cannot be seized, attached, nor levied on in any manner. Act 29 March, 1826, sec. 2. The death of the ceding debtor cannot change the rights of the creditors on the property, which they may retain and sell, as they might have done before his death. C. C. 2176. The only interest which his succession can have, is in any surplus remaining after the payment of the debts; and all that the administrator has to do, is to see that the ceded property is properly administered, and to claim any surplus. Should he, in virtue of his office, or under any other pretext, illegally take possession of the property surrendered, the court, before which the surrender was made, is the proper tribunal to enforce the claim of the syndic.

APPEAL from the Court of Probates of Concordia, *Dunlap*, J. *Lawrence*, Syndic, *pro se*.

*Elam, Saunders, Stockton* and *Frost*, for the appellant. The Probate Court is without jurisdiction, *ratione materiæ*. Code of Practice, arts. 345, 346, 902. 1 La. 318. 2 La. 121.

GARLAND, J. In the month of February, 1841, Abner Smalley presented his schedule and *bilan* to the Judge of the District Court, praying to make a cession of his property to his creditors, which was, on the 18th of that month, accepted by the judge for their benefit, according to law; and a meeting before a notary was ordered to take place on the 27th of March, but from some

delay in the notices, it was postponed to the 10th of May, 1841, on which day and the following, the plaintiff was named Syndic by the creditors; but he declining to give security, a new meeting was ordered to be held on the 20th of August, when his appointment was confirmed by two-thirds of the creditors, and he was dispensed from the obligation of giving security.

Sometime in the early part of May, 1841, Smalley died, leaving the defendant, his widow. On the 15th day of May, an inventory was made of a portion of the estate he had left, and which had been surrendered to his creditors, by a notary and appraisers, who, at the close of the *procès-verbal*, say that the property described, has been delivered into the custody and guardianship of R. J. Lawrence, Esqr., and he signs the inventory. On the 29th of May, a further and final inventory was made of the property, being mostly of the notes, accounts, books, papers, &c.; and at the close of the *procès-verbal*, the notary states, that he has delivered every thing into the possession of an agent of Mr. Lawrence, the guardian of the property. Mrs. Smalley (now Mrs. Guice), does not appear to have had any thing to do with any of these proceedings; but, on the 24th of June, 1841, the judge of the Court of Probates appointed her administratrix of the estate of Abner Smalley, and she qualified as such. The witnesses do not state in what way she got possession of the property in the possession of Lawrence, the guardian, as he is called, nor how he was dispossessed; but it appears from the parol testimony, that the defendant obtained the control of the plantation and slaves, and went on to finish and gather the crop then growing on some land of her own, and also on the land surrendered to the creditors. On the two places she made about 95 bales of cotton of 400 lbs. each, which sold at prices varying from 6 1-2 to 9 1-2 cents per pound; and also made a crop of corn, &c. She never made any inventory, nor was any made other than those mentioned, in which the growing crops of cotton and corn are specified and appraised. In making these crops, the slaves surrendered and left by Smalley were employed, and some were hired out.

On the 11th of September, 1841, Lawrence, as syndic, presented his petition to the Court of Probates, reciting the pro-

ceedings in relation to the surrender by Smalley, and his appointment as syndic, by the creditors. He says, that after the said surrender was legally made and accepted, Smalley died; that his widow was appointed administratrix of his estate; and that, by virtue of that authority, she has taken possession of the property surrendered, as well as of all the other property belonging to the succession of Smalley. He says that he is entitled to the possession of the property mentioned in the inventories made as aforesaid, and has a right to dispose of the same according to law, for the benefit of the creditors. He prays that, after due proceedings, the defendant, as administratrix, may be decreed to deliver up the property to him, after rendering an account of the proceeds, &c.

To this petition, the defendant, as administratrix, filed a plea to the jurisdiction of the Court of Probates, and, in case it should be overruled, she, for answer, denies that any legal surrender was ever made by Abner Smalley for the benefit of his creditors, and avers that the same was never accepted by the creditors of Smalley in his lifetime. She also denies that Lawrence is syndic. She admits her lawful appointment as administratrix, and asserts her right to administer according to law; and prays that she may be allowed to proceed to do so, and that the plaintiff's demand be dismissed.

On the trial, the plea to the jurisdiction of the court was overruled; and, after hearing evidence, it was decreed that the defendant, in her representative capacity, deliver to the syndic the full possession of the property described and set forth in the inventories aforesaid, as belonging to the succession of Smalley, and that she render a just and full account to him, the syndic, and pay the costs. This judgment is dated, 12th November, 1841.

On the 24th of February, 1841, Mrs. Smalley, in her capacity aforesaid, presented a petition to the Court of Probates, in which she states that, by reason of the proceedings of the creditors of her deceased husband, Lawrence had been appointed syndic; that the estate of said Smalley had been inventoried and duly delivered to the said Syndic, who took it into possession, and has disposed of it by virtue of his appointment, except certain lands

which she claims in her own right, and which were then in litigation between her and the syndic, in consequence of which she says no property belonging to the succession of Smalley remains in her hands to be administered, and never was by her administered, for the cause aforesaid. She, therefore, prays that the syndic be notified, and she discharged from her duties as administratrix, and that this statement be taken as a full account of her administration.

To this application the syndic made opposition, averring that the said administratrix has not rendered a full and fair account, and that she has not paid over to him the proceeds of the property held by her as such. He alleges that the land held by her as administratrix, produced one hundred bales of cotton, worth $5,000; and that other proceeds were derived from the said land and negroes, worth $1,000. That she received the hire of six slaves not employed in cultivating the land, for the period of ten months, each of whom was worth the sum of $15 per month. He, therefore, prays that Emily L. Guice may be condemned to pay him the several sums of money above stated, in pursuance of the judgment previously rendered, and be compelled to prove all the allegations of her petition, and render a just and full account of her administration; and he further asks, that should the said Emily not be liable to pay him the fruits or produce of the land (which, we suppose, is meant by the term "proceeds"), that then he have judgment for the hire of the slaves in her hands, she having converted the said hire to her own use and profit.

On the matters put in contest by these last proceedings, the parties went to trial, and on the 5th of September, 1842, a decree was made, ordering that the account rendered by Emily L. Guice be rejected, and that Lawrence, the syndic, recover of her, as administratrix, the sum of $2,400, with five per cent interest thereon; and it was further ordered, that she render a full and correct account of her administration of the succession of Smalley, within sixty days. From this judgment Emily L. Smalley prays an appeal, and gives a bond in that name.

The Syndic has mixed up his demands in so very confused a way, sometimes presenting claims against Mrs. Smalley in one

name and then in another, and sometimes against her personally, and then as administratrix, that we find it difficult to separate them, or to ascertain what the Probate Court has jurisdiction of, and of what not. Of such demands as are made against Mrs. Smalley personally, it is certain that the court has no jurisdiction. Of whatever property it can be shown that she legally came into possession of as administratrix, that court can compel her to render an account to the heirs or creditors; but if she, as administratrix, took into her possession property not belonging to the succession, the possession and title of which is claimed to be vested in another, the Probate Court has no right to entertain an action for the recovery of that property directly, or for damages for its detention. and the claimant cannot evade the prohibition of the law, and give the court jurisdiction, by a demand for an account, when if the claim had been presented directly, no doubt could exist as to the want of jurisdiction in the Court of Probates.

The law is, that as soon as an insolvent debtor makes a cession of his property, and it is accepted by the judge for the benefit of the creditors, it is thereby vested in them, and is not liable to be seized, attached, nor levied on, in any manner. B. & C.'s Dig. 495. If the ceding debtor should die, it does not change the right the creditors have upon the property. They are entitled to retain the possession, and to sell it, in the same manner as they were before the death of the debtor. Civil Code, art. 2176. The only interest which the succession of the ceding debtor can have, is in the surplus after the debts shall be paid. It, therefore, follows, that all that an administrator of the succession of a ceding debtor has to do, so far as the ceded property is concerned, is to see if it be properly administered, and to ascertain if a surplus shall remain after the payment of the debts, and claim it. If, under the pretext of his office, or any other, he take possession of the property surrendered, without right or lawful authority, the District Court in which the surrender has been made, and which has general jurisdiction, is the proper tribunal to enforce the claim; and so of an action for damages for unlawfully detaining the property.

In this case, it appears that Lawrence was in possession of the

property, in a right of some kind, for the use and benefit of the creditors. He was called a guardian by the notary, and accepted the trust, having been at the same time selected by the creditors as their agent. He did not immediately qualify himself, but that did not divest the creditors of their rights ; nor was he deprived of his guardianship of the property, by the appointment of a representative to the succession of Smalley. If, without cause, he gave up the property vested in the creditors, entrusted to his care, to a person not entitled to the title or possession of it, the Court of Probates is not the tribunal to afford him relief. We are, therefore, of opinion, that the Court of Probates had no jurisdiction of the case, and think the exception to its jurisdiction should have been sustained.

It is, therefore, ordered and decreed, that the judgment be annulled and reversed, and the case dismissed, as in case of nonsuit ; the syndic, R. J. Lawrence, paying the costs in both courts.